**BOISE MATTHEWS DONEGAN LLP**
Bridget M. Donegan, OSB No. 103753
805 SW Broadway, Suite 1900
Portland, OR 97205
(503) 228-0487
bridget@boisematthews.com

*Attorneys for Plaintiff Loujain Hathloul Alhathloul*

**FOLEY HOAG LLP**
Christopher E. Hart, MA BBO No. 625031
chart@foleyhoag.com
Anthony D. Mirenda, MA BBO No. 550587
adm@foleyhoag.com
Andrew Loewenstein, MA BBO No. 648074
aloewenstein@foleyhoag.com
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1232

*Attorneys for Plaintiff Loujain Hathloul Alhathloul*

**ELECTRONIC FRONTIER FOUNDATION**
David Greene, CA Bar No. 160107
davidg@eff.org
Sophia Cope, CA Bar No. 233428
sophia@eff.org
815 Eddy Street
San Francisco, CA 94109
(415) 436-9333

*Attorneys for Plaintiff Loujain Hathloul Alhathloul*

**CENTER FOR JUSTICE AND ACCOUNTABILITY**
Daniel McLaughlin, CA Bar No. 315326
dmclaughlin@cja.org
Claret Vargas, MA BBO No. 679565
cvargas@cja.org
Carmen Cheung Ka Man, NY Bar No. 4132882
ccheung@cja.org
268 Bush St. #3432
San Francisco, CA 94104
(415) 544-0444

*Attorneys for Plaintiff Loujain Hathloul Alhathloul*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| LOUJAIN HATHLOUL ALHATHLOUL, | ) ) | Civil No. 3:21-cv-01787-IM |
| *Plaintiff,* | ) ) | |
| v. | ) ) | **PLAINTIFF'S RESPONSE TO** |
| DARKMATTER GROUP, | ) ) | **DEFENDANTS' NOTICE OF** |
| MARC BAIER, | ) | **SUPPLEMENTAL AUTHORITY** |
| RYAN ADAMS, and | ) | |
| DANIEL GERICKE | ) ) | |
| *Defendants*. | ) ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff submits this response to Defendants' Notice of Supplemental Authority.[1] ECF 74. The supplemental authority cited by Defendants, *Briskin v. Shopify*, *Inc.*, No. 22-15815 (9th Cir. Nov. 28, 2023), shares little common factual ground with Plaintiff's allegations. The court reasoned that Shopify did not expressly aim its conduct at California because the asserted basis of jurisdiction—that plaintiff used Shopify's "nationally available" payment platform "while located in California" and suffered privacy-related harm in California because he "resided" there—improperly focused on the plaintiff's contacts with the forum. ECF 74-1 at 4, 18.

By contrast, Alhathloul's asserted basis of jurisdiction focuses on contacts Defendants *deliberately* created with the forum: (1) when they purposefully opted to deliver malware to her

---

[1] In order to limit this response to 350 words, Plaintiff only addresses the third "principle" cited by Defendants.

PLAINTIFF'S RESPONSE TO DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY – 1

iPhone using Apple's U.S.-based servers over other methods of delivery that would not have used U.S. facilities; and (2) when they knowingly exfiltrated data from her device while it was located in the United States.[2]

Unlike *Shopify*, jurisdiction here does not rely on Alhathloul choosing to use Defendants' services in the jurisdiction. Alhathloul made no decision at all to interact with Defendants' services. She did not choose to be spied on, let alone where to be spied on, or the modalities (Apple's U.S. iMessage servers) Defendants chose to use to infect her iPhone. Her interaction with Defendants were controlled entirely by Defendants and completely unknown to her. That Defendants committed similar tortious actions against Alhathloul elsewhere does not obviate Defendants' jurisdictionally meaningful contacts with the forum.

Dated: December 13, 2023               /s David Greene

                                      **BOISE MATTHEWS DONEGAN LLP**
Bridget M. Donegan
OSB No. 103753
805 SW Broadway, Suite 1900
Portland, OR 97205
(503) 228-0487
bridget@boisematthews.com

---

[2] Defendants stated in a prior pleading that Plaintiff alleges "no…'actions'" taken by Defendants to exfiltrate data once it was infected with malware. ECF 73 at 13. This ignores the Amended Complaint's allegations that Defendants controlled the malware installed on her device, including by "send[ing] commands to the malware that the malware executes," and "command[ing] the malware to collect and transfer specific data" from the device. ECF 54 at ¶ 126.

PLAINTIFF'S RESPONSE TO DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY – 2

**FOLEY HOAG LLP**
Christopher E. Hart
    MA BBO No. 625031
Anthony D. Mirenda
    MA BBO No. 550587
Andrew Loewenstein
    MA BBO No. 648074
155 Seaport Boulevard
Boston, MA 02210
 (617) 832-1000
chart@foleyhoag.com
adm@foleyhoag.com
aloewenstein@foleyhoag.com

**ELECTRONIC FRONTIER FOUNDATION**
David Greene
    CA Bar No. 160107
Sophia Cope
    CA Bar No. 233428
815 Eddy Street
San Francisco, CA 94109
(415) 436-9333
davidg@eff.org
sophia@eff.org

**CENTER FOR JUSTICE AND ACCOUNTABILITY**
Daniel McLaughlin
    CA Bar No. 315326
Claret Vargas
    MA BBO No. 679565
Carmen Cheung Ka Man
    NY Bar No. 4132882
268 Bush St. #3432
San Francisco, CA 94104
(415) 544-0444
dmclaughlin@cja.org
cvargas@cja.org
ccheung@cja.org

*Attorneys for Plaintiff Loujain Hathloul Alhathloul*