# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | | |
|---|---|---|
| LOUJAIN HATHLOUL ALHATHLOUL, | ) | Civil No. 3:21-cv-01787-IM |
| *Plaintiff,* | ) | |
| v. | ) | **DEFENDANTS' RESPONSE BRIEF** |
| DARKMATTER GROUP, | ) | **JUSTIFYING PROPOSED ORDER AND** |
| MARC BAIER, | ) | **OBJECTIONS** |
| RYAN ADAMS, and | ) | |
| DANIEL GERICKE | ) | |
| *Defendants.* | ) | |

_____

## Table of Contents

I.    INTRODUCTION ...........................................................................................................1

II.   ARGUMENT ................................................................................................................1

      A.    Defendants' Proposed Jurisdictional Discovery Order Adheres to the
            Limited Scope Ordered by the Court .........................................................................1

      B.    Jurisdictional Discovery Should Be Limited to Written Discovery
            Requests ....................................................................................................................3

      C.    Most of Plaintiff's Proposed Discovery Requests are Overbroad ...........................7

III.  CONCLUSION ............................................................................................................9

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Brennan v. City of Phil.*,
    388 F. Supp. 3d 516 (E.D. Pa. 2019) ................................................................................6

*Cal. Chamber of Commerce v. Bonta*,
    2:19-cv-02019 DJC JDP (E.D. Cal. Aug. 18, 2023) (copy attached as Ex. 3) .........................4

*Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*,
    230 F.3d 934 (7th Cir. 2000) ...................................................................................4

*Daniels v. Bull Rogers, Inc.*,
    2018 WL 7297874 (W.D. Tex. Feb. 5, 2018) ..............................................................4

*Edwards v. Mathews*,
    2023 WL 4424268 (N.D. Tex. July 10, 2023) .............................................................3

*Eliahu v. Israel*,
    2015 WL 981517 (N.D. Cal. Mar. 3, 2015) ................................................................7

*Key Tronic Corp. v. SMART Techs. ULC*,
    2016 WL 7104252 (E.D. Wash. Dec. 5, 2016) ...........................................................3

*Lantheus v. Medical Imaging, Inc. v. Zurich American Ins. Co.*,
    841 F. Supp. 2d 769 (S.D.N.Y. 2012) .......................................................................3

*Muchnikoff v. Choraria*,
    2007 WL 9701761 (S.D. Fla. Aug. 24, 2007) .............................................................4

*SE Stud Components v. A. Eagle Design Build Studios*,
    4:07CV00593-WRW (E.D. Ark. Feb. 12, 2008) (copy attached as Ex. 4) ...........................4

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for the S. District of Iowa*,
    482 U.S. 522 (1987) ...........................................................................................5, 6

**Statutes**

For. Rels. Law § 442(c)(1) (1987) ...................................................................................5

**Other Authorities**

Fed. R. Civ. P. 28(b) ......................................................................................................5

Rule 30(b)(6) ...............................................................................................................8

## I.    INTRODUCTION

Defendants' proposed jurisdictional discovery scheduling order tracks the limited discovery permitted in the Court's Order of February 8, 2024 granting Plaintiff's Motion for Limited Jurisdictional Discovery (ECF No. 80).[1]  Plaintiff's proposal, by contrast, fails to account for the Court's limitations and instead treats this stage of litigation—where the Court must determine its jurisdiction—like full discovery into the merits of Plaintiff's claims.

Document requests and interrogatories should be sufficient to make clear whether any Defendant expressly aimed any conduct relating to Plaintiff at the United States.  But if, after completing written discovery, Plaintiff believes additional discovery is necessary, the Court could consider broadening jurisdictional discovery at that time and after affording Defendants an opportunity to assert objections.  By contrast, the Court cannot undo the effects of overly broad discovery.  Nor can it undo the burden of oral depositions on the foreign resident Defendants over whom it may lack personal jurisdiction or the burden on relevant interests of the UAE.  Because of those burdens, oral depositions would indeed be quite fraught.

## II.    ARGUMENT

### A.    Defendants' Proposed Jurisdictional Discovery Order Adheres to the Limited Scope Ordered by the Court

In granting Plaintiff's motion for jurisdictional discovery, the Court "narrow[ed] the categories of information Plaintiff may seek."  (ECF 80 at 6.)  Specifically, the Court imposed "two key limits."  (*Id.*)  *First*, jurisdictional discovery "shall be limited to facts relevant to the

---

[1] Defendants' proposed jurisdictional discovery scheduling order and objections to Plaintiff's proposed discovery requests are attached hereto as Exhibits 1 and 2, respectively.

purposeful direction framework outlined in *Briskin* [*v. Shopify, Inc.*, 87 F.4th 404 (9th Cir. 2023)]." (ECF 80 at 6.)  As specified in *Briskin*, for a defendant's conduct to create a "'substantial connection' with the forum"—here, the United States—there must be "'some prioritization of the [United States]" or 'some differentiation of the [United States] from other locations.'"  (ECF 80 at 5 (quoting *Briskin*, 87 F.4th at 420).)  *Second*, jurisdictional discovery "shall be limited to information relevant to Defendants' alleged espionage while Plaintiff was in the United States from November 28 to December 2, 2017."  (*Id.*; *see also* pp. 5–6 (finding that "[l]imited discovery on how Defendants' software allegedly interacted with, and exfiltrated data from, Plaintiff's iPhone while she was in the United States can resolve th[e] query" of "whether the alleged exfiltration of Plaintiff's iPhone in the Unted States was made possible, or enhanced by 'some prioritization of the [United States]" or 'some differentiation of the [United States] from other locations'")).

Defendants' proposed jurisdictional discovery order is faithful to the Court's limitations on scope while providing for Plaintiff to serve a reasonable number and form of discovery requests to elicit, if any, information responsive to the eight categories of information identified in the Court's February 8, 2024 Order.  Since the Court limited the scope of jurisdictional discovery to eight categories, it is reasonable to expect that eight interrogatories and eight document requests would be sufficient.  But as a compromise, Defendants are amenable to responding to 10 interrogatories and a total of 30 document requests.[2]

The burdens of oral depositions of foreign residents on matters relevant to a foreign government (*see* ECF 54 ¶ 73 (alleging that Dark Matter performed cyber services for the UAE)),

---

[2] Defendants initially also offered as a compromise depositions on written questions, which Plaintiff rejected.  Given the liberal use of interrogatories and the logistical issues with depositions on written questions, Defendants no longer believe they are appropriate.  Nor does Plaintiff seek depositions on written questions.

where personal jurisdiction has not been established are not warranted, as discussed in detail in section II below.  The UAE's interest in the discovery Plaintiff seeks is reflected in the fact the individual Defendants signed non-disclosure agreements with the UAE's National Electronic Security Authority (NESA) covering information they obtained while employed by DarkMatter. *See, e.g.,* Decls. of R. Adams, D. Gericke, submitted herewith.[3]

**B.      Jurisdictional Discovery Should Be Limited to Written Discovery Requests**

Plaintiff's argument for oral depositions betrays her equating jurisdictional discovery with traditional full discovery.  All of the cases she cites as support are in the context of traditional discovery, (ECF 84 at 6–8 (citing cases)), except for one where the Court found jurisdictional discovery unnecessary, *Lantheus v. Medical Imaging, Inc. v. Zurich American Ins. Co.*, 841 F. Supp. 2d 769, 785 (S.D.N.Y. 2012).

Here, however, the Court ordered limited discovery, consistent with the principle that where a court has not determined it has jurisdiction over a party it should take care that jurisdictional discovery does not impose undue burden.  *Key Tronic Corp. v. SMART Techs. ULC*, 2016 WL 7104252, at *8 (E.D. Wash. Dec. 5, 2016) ("Because jurisdictional discovery takes place prior to a determination that the court actually has jurisdiction over this dispute and this defendant, it is particularly important to avoid imposing undue burdens on a party who may not even be subject to the court's power.").  Recognizing this principle, another district court recently limited jurisdictional discovery to interrogatories and requests for production of documents "[t]o avoid placing undue burdens on the parties in a case in which the Court may not have subject matter jurisdiction."  *Edwards v. Mathews*, 2023 WL 4424268, *3 (N.D. Tex. July 10, 2023) (quoting

---

[3] Defendants can submit copies of the non-disclosure agreements to the Court in camera or subject to the protective order Defendants contemplate.

Page 3 - DEFENDANTS' RESPONSE BRIEF JUSTIFYING
          PROPOSED ORDER AND OBJECTIONS

*Daniels v. Bull Rogers, Inc*., 2018 WL 7297874, at *4 (W.D. Tex. Feb. 5, 2018)).  Indeed, courts regularly limit jurisdictional discovery to written discovery.  Another court in this Circuit recently restricted jurisdictional discovery (concerning Article III standing) to interrogatories, document requests, and requests for admissions, and stated that the parties could bring a motion to conduct depositions.  *Cal. Chamber of Commerce v. Bonta*, 2:19-cv-02019 DJC JDP (E.D. Cal. Aug. 18, 2023) (copy attached as Ex. 3); *see also, e.g.*, *Daniels*, 2018 WL 7297874, at *4 (quoted above); *SE Stud Components v. A. Eagle Design Build Studios*, 4:07CV00593-WRW (E.D. Ark. Feb. 12, 2008) (permitting jurisdictional discovery and specifying: "Plaintiff is directed to seek discovery initially through interrogatories and requests for production.  If Plaintiff is unable through written discovery to obtain the information it seeks, Plaintiff is directed to inform the Court.") (copy attached as Ex. 4); *Muchnikoff v. Choraria*, 2007 WL 9701761, *2 (S.D. Fla. Aug. 24, 2007) ("Discovery shall be limited to interrogatories and document requests regarding personal jurisdiction.").  Similarly here, the Court can confine jurisdictional discovery to written discovery and later revisit the issue of oral depositions if necessary.

The concern about avoiding undue burden on parties who may be outside the Court's jurisdiction is heightened when those parties reside overseas.  "[I]mposing [] burdensome, wide-ranging discovery against defendants from a foreign nation is not appropriate at a stage where the district court is trying to determine whether it has any power over the defendants."  *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp*., 230 F.3d 934, 947 (7th Cir. 2000); *see also id.* ("Foreign nationals usually should not be subjected to extensive discovery in order to determine whether personal jurisdiction over them exists." (citing *Jazini v. Nissan Motor Co*., 148 F.3d 181, 185–86 (2d Cir. 1998)).  In this case, the concern about undue burden is even further heightened because the discovery Plaintiff seeks burdens sovereign interests of the UAE.

Because jurisdictional discovery implicates the interests of a foreign state, international comity comes into play. *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for the S. District of Iowa*, 482 U.S. 522, 543–44 (1987). *Aerospatiale* identified the factors relevant to the comity analysis as: "(1) the importance to the ... litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located." *Id.* at 544 n.28 (quoting Restatement of For. Rels. Law (Rev'd) § 437(1)(c) (1986)); *see also* Restatement (Third) of For. Rels. Law § 442(c)(1) (1987) (listing same factors for analysis of whether to order production of information located abroad). On balance, those factors weigh decidedly against oral depositions:

<u>(1) Lack of Importance of Oral Depositions</u>. Plaintiff's only argument in support of her request for oral depositions is the bald assertion that, because the Court found there are controverted points, she must ask "technical questions," follow up with "clarifying questions," and "fully examine intangible facts relevant to jurisdiction." (ECF 84 at 6.) Her brief identifies no reason why she cannot formulate her technical questions in writing and gives no explanation for why she cannot craft clear interrogatories to elicit responses she believes she needs.[4] Again, if, after written discovery is complete, Plaintiff believes oral depositions are necessary, she could move for leave to take that additional discovery consistent with Fed. R. Civ. P. 28(b) (depositions

---

[4] Plaintiff also asserts need for "the ability to press unexpected but relevant lines of questioning." (ECF 84 at 6.) The meaning of that phrase is unclear, but insofar as Plaintiff intends to assert a need to follow up on unexpected answers, she could ask Defendants for follow-up information on interrogatory responses through a meet-and-confer exchange and, if necessary, request that the Court permit additional discovery.

Page 5 - DEFENDANTS' RESPONSE BRIEF JUSTIFYING
         PROPOSED ORDER AND OBJECTIONS

in a foreign country), and Defendants would be able to lodge applicable objections.  *See Brennan v. City of Phil.*, 388 F. Supp. 3d 516, 523 (E.D. Pa. 2019).

(2) Specificity of the Requests.  Plaintiff's brief recognizes the non-specific nature of oral depositions.  (ECF 84 at 6.)

(3) Overseas Origination of the Information.  Plaintiff seeks information about DarkMatter's operations overseas.  She recognizes that DarkMatter is a UAE company and the individual Defendants worked for DarkMatter.  (ECF 54 ¶¶ 6, 8–10.)  And she alleges that Defendants carried out hackings of her iPhone from the UAE.  (*See id.* ¶¶ 6, 73, 76–79, 87–104.)

(4) Availability of Alternative Means of Securing Information.  Defendants have proposed substantial jurisdictional discovery in written form: 10 interrogatories and 30 document requests. Plaintiff identifies no concrete reason why that is insufficient to elicit information covered by the eight categories identified by the February 8, 2024 Order.  Again, in the event it turns out not to be adequate, the Court and the parties could revisit Plaintiff's request for oral depositions.

(5) Lack of U.S. Interests and Significant UAE Interests.  As the Court's dismissal of the original Complaint recognized, this case brought by a non-U.S. resident implicates no important interests of the United States.  (*See* ECF 44 at 21.)  Indeed, Plaintiff's brief identifies no important United States interest that would be undermined if she is limited to written discovery.  On the other hand, the UAE's interests in its information—reflected in the fact individual defendants signed non-disclosure agreements—would be undermined by oral depositions that are not limited to specific requests like interrogatories.

Thus, all of the *Aerospatiale* factors weigh against oral depositions.  Jurisdictional discovery should be limited to interrogatories and document requests.

### C.    Most of Plaintiff's Proposed Discovery Requests are Overbroad

Plaintiff's proposal of discovery fails to acknowledge the two key limitations of the February 8, 2024 Order.    Most of her proposed requests are not focused on identifying "prioritization" or "differentiation" of the United States or on Alhathloul, or on the period when she allegedly visited the United States, November 28 to December 2, 2017.    Instead, most encompass information about how the alleged Karma System functioned generally.    Unmoored from the Court's two key limitations, Plaintiff's proposed discovery requests seek to prove her case on the merits under "the guise of jurisdictional discovery." *Eliahu v. Israel*, 2015 WL 981517, at *9 (N.D. Cal. Mar. 3, 2015).    Indeed, Plaintiff's proposed focus on how hackings "would have occurred to someone in identical circumstances as Alhathloul" (ECF 84 at 4, n.2), in addition to being impermissibly hypothetical, requires concession that Defendants engaged in hacking in identical circumstances, which is a core merits point.

Nearly all of Plaintiff's proposed Requests for Production (ECF 84-1 at 5–6) are overbroad. Plaintiff's proposed Request No. 2 fails to adhere to the Court's first limitation in seeking "[t]he Computer Code utilized by the Relevant Karma System to exfiltrate data" (ECF 84-1 at 5); her definition of "Relevant Karma System" is not confined to operation "prioritiz[ing]" or "differentiat[ing]" the United States.    (*Id.* at 3 ("'Relevant Karma System' means the version of Karma deployed, commanded, or operated during the Relevant Period," which in turn is defined as "November 28, 2017 to December 2, 2017").)    Request No. 2 is not limited to information relevant to Defendants' alleged actions during Plaintiff's U.S. visit, and thus fails to adhere to the Court's second limitation.    Plaintiff's proposed Requests Nos. 4–14 and 16–21 likewise lack limitation to the facts relevant to whether Defendants' conduct created a "'substantial connection'

with the forum" under *Briskin* (the Court's first limitation) or to Defendants' alleged actions during Plaintiff's U.S. visit (the Court's second limitation).

All of Plaintiff's proposed interrogatories (ECF 84-1 at 11–12) are similarly overbroad. A Rule 30(b)(6) deposition is unwarranted for the reasons in section II above. Additionally, most of Plaintiff's proposed deposition topics (ECF 84-1 at 15–6) are overbroad. Proposed Interrogatories Nos. 1–2, 4–10 are not confined to any "prioritization" or "differentiation" of the United States by Defendants (the Court's first limitation). Proposed Interrogatories Nos. 1–2 and 8 and proposed 30(b)(6) Topic No. 7 fail to seek information about any different treatment of iPhones in the United States as compared to any treatment of iPhones in any other jurisdiction (the Court's first limitation). Instead, they reference a "Target's Device," defined as "(i) the iPhone of Alhathloul or (ii) the iPhone of an individual under similar circumstances as the allegations in Plaintiff's Amended Complaint (*e.g.*, (i) located in the United States during the Relevant Period or (ii) located in the United States during any period such that the actions described would be the same or substantially similar as an individual located in the United States during the Relevant Period)." (ECF 84-1 at 10–12.) And proposed Interrogatory No. 9 and proposed 30(b)(6) Topics Nos. 1 and 8 are not limited to Plaintiff's U.S. visit (the Court's second limitation). Proposed Interrogatory No. 3 and 30(b)(6) Topic No. 2 do not ask for "the identity of the companies from which Defendants procured anonymization services and proxy servers with respect to Alhathloul's iPhone," as permitted by the fifth category of the Court's February 8, 2024 Order. (ECF 80 at 8.) They instead ask about the company without regard to its connection to Alhathloul's iPhone or the United States. (ECF 84-1 at 11, 15.) Proposed Interrogatories Nos. 7 and 9 incorporate proposed Interrogatory No. 3, and proposed 30(b)(6) Topics Nos. 3 and 4 incorporate proposed Topic No. 2,

and thus also exceed the first limitation.  (*Id.*)  Proposed Interrogatory No. 10 references Proposed Interrogatories Nos. 1–9 and is therefore overbroad.

### III.    CONCLUSION

For these reasons, the Court should adopt Defendants' Proposed Jurisdictional Discovery Scheduling Order and sustain Defendants' objections to Plaintiff's proposed discovery requests.

Dated: March 15, 2024                    Respectfully submitted,

**SCHWABE, WILLIAMSON & WYATT, P.C.**

*s/ Nika Aldrich*
Nika Aldrich, OSB No. 160306
Telephone: (503) 222-9981

**AKIN GUMP STRAUSS HAUER & FELD LLP**

*s/ Anthony T. Pierce*
Anthony T. Pierce (*pro hac vice*)
apierce@akingump.com
James E. Tysse (*pro hac vice*)
jtysse@akingump.com
Caroline L. Wolverton (*pro hac vice*)
cwolverton@akingump.com
2001 K. Street, N.W.
Washington, DC  20006
Telephone: (202) 887-4000

Attorneys for Defendant DarkMatter Group

**SNELL & WILMER LLP**

*s/ Clifford S. Davidson*
Clifford S. Davidson, OSB No. 125378
Telephone: (503) 624-6800

Attorney for Defendants Marc Baier, Ryan Adams, and Daniel Gerick