**Stephanie J. Grant**, OSB No. 154957
TONKON TORP LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
Direct:  503.802.5736
Facsimile:  503.274.8779
Email:  stephanie.grant@tonkon.com

Christopher E. Hart (*pro hac vice*)
Anthony D. Mirenda (*pro hac vice*)
Andrew Loewenstein (*pro hac vice*)
Ariella Katz Miller (*pro hac vice* application forthcoming)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000
chart@foleyhoag.com
adm@foleyhoag.com
aloewenstein@foleyhoag.com
arkatz@foleyhoag.com

Carmen Cheung (*pro hac vice*)
Claret Vargas (*pro hac vice*)
Daniel McLaughlin
CENTER FOR JUSTICE AND ACCOUNTABILITY
268 Bush St. #3432
San Francisco, CA 94104
(415) 544-0444
ccheung@cja.org
cvargas@cja.org
dmclaughlin@cja.org

David Greene (*pro hac vice*)
Sophia Cope (*pro hac vice*)
ELECTRONIC FRONTIER FOUNDATION
San Francisco, CA 94109
(415) 436-9333
davidg@eff.org
sophia@eff.org

*Attorneys for Plaintiff Loujain Hathloul Alhathloul*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | | |
|---|---|---|
| LOUJAIN HATHLOUL ALHATHLOUL, | ) | Civil No. 3:21-cv-01787-IM |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | **PLAINTIFF'S OPPOSITION TO** |
| | ) | **DEFENDANTS' JOINT MOTION FOR** |
| DARKMATTER GROUP, | ) | **CERTIFICATION OF** |
| MARC BAIER, | ) | **INTERLOCUTORY APPEAL UNDER 28** |
| RYAN ADAMS, and | ) | **U.S.C. § 1292(B)** |
| DANIEL GERICKE | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## TABLE OF CONTENTS

INTRODUCTION ..........................................................................................................................1

LEGAL STANDARD ...................................................................................................................2

ARGUMENT ..............................................................................................................................3

I.   There is no "purely legal" question that WAS "expressly left open" by Briskin ....................3

    A.   The Briskin Majority Expressly Addressed the Jurisdictional Question
        Presented by Defendants ............................................................................................3

    B.   Even if the Facts of this case Are Distinguishable from Briskin, Defendants
        Do Not Raise a "Purely Legal" Question.....................................................................5

II.  There are no substantial grounds for difference of opinion on the jurisdictional
    question...........................................................................................................................7

    A.   The Court Correctly Applied Briskin...........................................................................7

    B.   Because the Ninth Circuit Has Resolved the Issue, Decisions of Other Courts
        Cannot Support the Conclusion that Substantial Grounds for Difference of
        Opinion Exist ..............................................................................................................9

III. NONE OF DEFENDANTS' REMAINING ARGUMENTS CHANGE THE
    OUTCOME THAT REQUIReMENTS FOR CERTIFICATION ARE NOT MeT ...............11

CONCLUSION...........................................................................................................................13

# TABLE OF AUTHORITIES

## Cases

*Ahrenholz v. Board of Trustees*,
219 F.3d 674 (7th Cir. 2000) ......6

*Alaska v. United States*,
64 F.3d 1352 (9th Cir. 1995) ......12

*AMA Multimedia, LLC v. Wanat*,
970 F.3d 1201 (9th Cir. 2020) ......9, 10

*Arthur v. Murphy Co.*,
Case 1:10-cv-03142-CL, ECF 58 ......11

*Biederman v. FCA US LLC*,
No. 23-cv-06640-JSC, 2025 U.S. Dist. LEXIS 83591 (N.D. Cal. May 1, 2025) ......11

*Bos. Telecomms. Grp., Inc. v. Deloitte Touche Tohmatsu*,
249 F. App'x 534 (9th Cir. 2007) ......13

*Briskin v. Shopify, Inc.*,
135 F.4th 739 (9th Cir. 2025) ...... *passim*

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ......13

*In re Cement Antitrust Litig.*,
673 F.2d 1020 (9th Cir. 1982) ......1, 2, 3, 11

*Couch v. Telescope Inc.*,
611 F.3d 629 (9th Cir. 2010) ......3, 7, 9, 12

*Dig. Equip. Corp. v. Desktop Direct*,
511 U.S. 863 (1994) ......12

*Gates Learjet Corp. v. Jensen*,
743 F.2d 1325 (9th Cir. 1984) ......13

*Hart v. Massanari*,
266 F.3d 1155 (9th Cir. 2001) ......7, 9

*Hasson v. FullStory, Inc.*,
114 F.4th 181 (3rd Cir. 2024) ......9, 10

*ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*,
    22 F.4th 1125 (9th Cir. 2022) ................................................2, 9

*iProjects, LLC v. Surespan Wind Energy Servs., Ltd.*,
    Case 3:16-cv-1830-SI (D. Or. filed May 19, 2017), Order (ECF 26)........................................6

*James v. Price Stern Sloan*,
    283 F.3d 1064 (9th Cir. 2002) ................................................1, 3

*In re Lorillard Tobacco Co.*,
    370 F.3d 982 (9th Cir. 2004) ................................................12

*Miesen v. Henderson*,
    No. 1:10-cv-00404-DCN, 2022 U.S. Dist. LEXIS 24152 (D. Idaho Feb. 8,
    2022) ................................................12

*Natkin v. Am. Osteopathic Ass'n*,
    2017 U.S. Dist. LEXIS 149339 (D. Or. July 27, 2017), *adopted in* 2017 U.S.
    Dist. LEXIS 147110 (D. Or. Sep. 12, 2017)................................................6, 11

*Ott v. Mortg. Inv'rs Corp. of Ohio*,
    No. 3:14-cv-00645-ST, 2015 U.S. Dist. LEXIS 48770 (D. Or. Apr. 14, 2015).............2, 6, 11

*Rosenthal v. Bloomingdales.com, LLC*,
    LLC, 101 F.4th 90 (1st Cir. 2024) ................................................10

*Sheets v. Integrated Info. Util. Sys.*,
    Civil No. 98-1328-KI, 1999 U.S. Dist. LEXIS 9719 (D. Or. June 17, 1999)........................11

*Shook v. Indian River Transp. Co.*,
    72 F. Supp. 3d 1119 (E.D. Cal. 2014)................................................7

*Swint v. Chambers County Comm'n*,
    514 U.S. 35 (1995)................................................2

*Switzerland Cheese Ass'n. v. E. Horne's Mkt, Inc.*,
    385 U.S. 23 (1966)................................................12

*United States Rubber Co. v. Wright*,
    359 F.2d 784 (9th Cir. 1966) ................................................3

*United States v. Woodbury*,
    263 F.2d 784 (9th Cir. 1959) ................................................3

*Van Cauwenberghe v. Biard*,
    486 U.S. 517 (1988)................................................11, 13

*Villarreal v. Caremark LLC*,
    85 F. Supp. 3d 1063 (D. Ariz. 2015) ...............................................................2, 12

*Walden v. Fiore*,
    571 U.S. 227 (2014) ...........................................................................................1, 3, 7

*Wilson v. Rolls-Royce Motor Cars*,
    Civil No. 93-1073-FR, 1994 U.S. Dist. LEXIS 3280 (D. Or. Mar. 14, 1994) ........................11

**Statutes**

28 U.S.C. § 1292(b) ........................................................................................ *passim*

**Rules**

Fed. R. Civ. P. 12(b)(2) ...............................................................................2, 6, 11

**Other Authorities**

3 Federal Procedure, Lawyers Edition § 3:212 (2010) .................................................9

## INTRODUCTION

Plaintiff respectfully requests that the Court deny Defendants' motion to certify for interlocutory appeal the Court's July 28, 2025 order granting in part and denying in part Defendants' motions to dismiss. *See* ECF No. 151 ("Order").

Defendants have not identified any "exceptional circumstances," *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982), that would justify departing from the "normal rule that only final judgments are appealable." *James v. Price Stern Sloan*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). In denying Defendants' motion to dismiss with respect to personal jurisdiction, this Court was bound by and faithfully applied the Ninth Circuit en banc decision in *Briskin v. Shopify, Inc.*, 135 F.4th 739, 745 (9th Cir. 2025).

Defendants have not raised a controlling question of law as to which there are substantial grounds for difference of opinion. 28 U.S.C. § 1292(b). *Briskin* considered and squarely rejected Defendants' concern that personal jurisdiction automatically follows a tracking technology by reaffirming the need for a case-specific assessment of the relationship among the defendant, the forum, and the litigation. In doing so, the *Briskin* majority specifically addressed—and rejected—the dissent's "traveling cookie" scenario, and carefully considered the jurisdictional concerns in *Walden v. Fiore*, 571 U.S. 227 (2014). This Court correctly applied *Briskin* and conducted a case-specific assessment to find jurisdiction over Defendants. Insofar as Defendants argue that that the facts of this case are distinguishable from *Briskin*, that necessarily raises fact-bound questions unsuitable for interlocutory review.

The First and Third Circuit precedent advanced by Defendants also fails to establish substantial grounds for difference of opinion. Those cases do not affect the analysis because the

Page 1 - PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B)

Ninth Circuit in *Briskin* addressed Defendants' question. *See ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022). In any event, the First and Third Circuit cases dealt with dissimilar factual scenarios where, *inter alia*, Defendants did not know Plaintiffs' location when they exfiltrated Plaintiffs' data.

None of the Defendants' remaining arguments change the outcome that the requirements for certification are not satisfied. The fact that the Order concerns personal jurisdiction does not amount to an "exceptional circumstance[]," *In re Cement Antitrust Litig.*, 673 F.2d at 1026, sufficient for certification of an interlocutory appeal. Courts in this District routinely deny § 1292(b) certification of orders denying motions to dismiss under Fed. R. Civ. P. 12(b)(2).

## LEGAL STANDARD

Certifying an Order for an interlocutory appeal under 28 U.S.C. § 1292(b) requires the Court to find that its Order: (1) involves a controlling question of law, (2) as to which there are substantial grounds for difference of opinion, and (3) an immediate resolution of that question may materially advance the ultimate termination of the litigation. *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (citations omitted).

Certification for interlocutory appeal lies within the district court's discretion. *See Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995). Even where all three statutory criteria are satisfied, "district court judges have unfettered discretion to deny certification." *Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1068 (D. Ariz. 2015) (internal quotation marks and citations omitted); *Ott v. Mortg. Inv'rs Corp. of Ohio*, No. 3:14-cv-00645-ST, 2015 U.S. Dist. LEXIS 48770, at *3 (D. Or. Apr. 14, 2015) (same).

The party seeking certification bears the burden of showing that extraordinary circumstances justify a departure from the normal rule that only final judgments are appealable. *See In re Cement Antitrust Litigation*, 673 F.2d 1020 at 1026; *Price Stern Sloan*, 283 F.3d at 1068 n.6. The Ninth Circuit has consistently stressed that "[section] 1292(b) is to be applied sparingly and only in exceptional cases." *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959) (citations omitted); *see also United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) ([Section] 1292(b) must "be used only in extraordinary cases" and "was not intended merely to provide review of difficult rulings in hard cases."). In this regard, the Ninth Circuit has emphasized that a "party's strong disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference [of opinion]." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Likewise, a substantial ground for difference of opinion is not established by the argument "[t]hat settled law might be applied differently." *Id*.

## ARGUMENT

## I. THERE IS NO "PURELY LEGAL" QUESTION THAT WAS "EXPRESSLY LEFT OPEN" BY *BRISKIN*

### A. The *Briskin* Majority Expressly Addressed the Jurisdictional Question Presented by Defendants

There are no substantial grounds for difference of opinion as to the question of "whether personal jurisdiction over a defendant who tracks a device is proper wherever that device travels." ECF 152 at 5. The *Briskin* majority squarely considered—and answered—this question in addressing the "traveling cookie" hypothetical that the dissent posited, and by distinguishing the facts from that of *Walden v. Fiore*, 571 U.S. 227 (2014). *See Briskin*, 135 F.4th at 756 & n.12, 759.

Specifically, the Ninth Circuit considered an array of purposeful actions by the defendant and declined to conclude that its conduct in California was mere "happenstance" arising from "California consumers' choice." *Briskin*, 135 F.4th at 756. Instead, the majority found that jurisdiction existed because (1) Shopify knew the device was in California; (2) despite that knowledge, it intentionally engaged in tortious activity directed at the device "in a manner that was neither 'random, isolated, [n]or fortuitous'"; and (3) Shopify maintained additional minimum contacts in California. *Briskin*, 135 F.4th at 759; ECF 151 at 20-21. In conducting this analysis, the majority rejected the notion that jurisdiction automatically follows a tracking technology by reaffirming the need for a case-specific assessment of the relationship among the defendant, the forum, and the litigation. *Id.* Particularly relevant to this assessment are facts about a defendant's deliberate extraction of a plaintiff's real-time location data—providing key knowledge to the defendant. *Id.*

As the Court observed, the *Briskin* majority "properly focused on the relationship among the defendant, the forum, and the litigation, *not just where Briskin was located* at the time of purchase." ECF 151 at 20 (citing *Briskin*, 135 F.4th at 756) (emphasis added).[1] Defendants' assertion that this Court's Order was based on a question "expressly left open" by the *Briskin* majority (ECF 152 at 6) is simply wrong.

While Defendants now argue that the *Briskin* majority "declined to address" the dissent's concerns, ECF 152 at 3, in their earlier brief, Defendants acknowledged that the majority

---

[1] As the *Briskin* dissent acknowledged: "The majority opinion says that it does not look *only* to where Briskin was located at the time of purchase, because it focuses 'on the relationship among the defendant [Shopify], the forum [California], and the litigation [over tortious acts committed in California].'" 135 F.4th at 774 n.3 (Callahan, J., dissenting) (quoting opinion at 31 n.12).

Page 4 - PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION FOR
CERTIFICATION OF INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B)

"expressly rejected the dissent's concern over such a 'traveling cookie'" by reaffirming that the test focuses on the relationship among the defendant, forum, and the litigation. ECF 142 at 4.

### B. Even if the Facts of this case Are Distinguishable from *Briskin*, Defendants Do Not Raise a "Purely Legal" Question

In its Order, the Court concluded that "the facts here are more like those in *Briskin* than the traveling cookies hypothetical or the facts in *Walden*." ECF 151 at 21. That finding was based on a detailed analysis of the allegations contained in the First Amended Complaint, the individual Defendants' testimony during jurisdictional discovery, the stipulated facts in the Deferred Prosecution Agreement ("DPA"), the facts in the Reuters article incorporated by reference, and the reasonable inferences drawn therefrom. *See* ECF 151 at 22-23.

Among other things, the Court highlighted that, like in *Briskin*, the Defendants are alleged to have knowingly installed tracking software onto Plaintiff's device in a manner that was neither random, isolated, nor fortuitous. ECF 151 at 21 (citing *Briskin*, 135 F.4th at 759). Like *Briskin*, Defendants are alleged to have intentionally aimed their tortious acts at the U.S. by exfiltrating data from a device that Defendants knew was in the forum. *Id.* The Court also directly refuted the claim by Defendants that the CIO group's policy of not targeting devices in the U.S. distinguishes this case from *Briskin*, reasoning that the existence of such policy rather *confirms* Defendants' knowledge of the devices' locations before targeting them. *Id.* at 21-22. The Court also determined that the DPA—in which Defendants admit to targeting devices in the U.S.—and the Reuters article—which identifies Plaintiff as one of their targets—together "connect Defendants' conduct to Plaintiff" and contradict Defendants' self-serving and internally-inconsistent testimony. *Id.* at 23.

Ignoring these detailed findings, Defendants assert that "*Briskin* … expressly left open the fact pattern presented here." ECF 152 at 6. But Defendants' implicit argument that the facts of this case—or some unspecified nuances in the record—distinguish it from *Briskin* is merely an expression of their disagreement with the Court's application of *Briskin* and its detailed findings of fact. Here, Defendants raise fact-bound questions unsuitable for interlocutory review. *See Ahrenholz v. Board of Trustees*, 219 F.3d 674, 677 (7th Cir. 2000) (interlocutory appeal is appropriate only "if a case turn[s] on a pure question of law … mean[ing] an abstract legal issue …, something the court of appeals could decide quickly and cleanly without having to study the record"); *Ott v. Mortg. Inv'rs Corp. of Ohio*, 2015 U.S. Dist. LEXIS 48770, at *5 (D. Or. Apr. 14, 2015) ("[A] 'question of law' means a 'pure question of law', not a mixed question of law and fact or an application of law to a particular set of facts.") (citing *Ahrenholz*, 219 F.3d at 675-77); *iProjects, LLC v. Surespan Wind Energy Servs., Ltd.*, Case 3:16-cv-1830-SI, (D. Or. filed May 19, 2017), Order (ECF 26) at 2 (same).

Courts in this District deny certification under § 1292(b) where defendants seek leave to appeal personal jurisdiction determinations involving mixed questions of law and fact or application of law to a particular set of facts. *See, e.g.*, *Natkin v. Am. Osteopathic Ass'n*, 2017 U.S. Dist. LEXIS 149339, at *7 (D. Or. July 27, 2017), *adopted in* 2017 U.S. Dist. LEXIS 147110 (D. Or. Sep. 12, 2017) ("Plaintiffs have failed to satisfy the first requirement for interlocutory review under 28 U.S.C. § 1292(b), because the [court's personal jurisdiction analysis] involved a mixed question of law and fact or an application of law to a particular set of facts.") (internal quotation marks omitted); *iProjects, LLC v. Surespan Wind Energy Servs., Ltd.*, Case 3:16-cv-1830-SI, ECF 26 at 2-4 (holding that pure legal question requirement for 1292(b) certification was not satisfied as to court's denial of Fed. R. Civ. P. 12(b)(2) motion because

personal jurisdiction challenge "require[d] reference to a factual record") (internal quotation marks omitted).

## II.  THERE ARE NO SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION ON THE JURISDICTIONAL QUESTION

### A.  The Court *Correctly* Applied *Briskin*

Notwithstanding Defendants' insistence to the contrary, this case does not present a question of law that the *Briskin* majority declined to answer.  The Court was bound by, and faithfully applied, the majority's decision in *Briskin*.  That there was a "disagreement between the *Briskin* majority and dissent," ECF 152 at 10, is not relevant to the certification analysis. *Id.* (citing dissent 16 times in Motion).  The majority opinion and not the dissent states the "settled law" by which this Court is bound, *Couch*, 611 F.3d at 633. *See Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001) ("Binding authority must be followed unless and until overruled by a body competent to do so."); *Shook v. Indian River Transp. Co.*, 72 F. Supp. 3d 1119, 1123 n.2 (E.D. Cal. 2014) ("Insofar as [the dissenting judge's] view on the limitation of the majority's holdings … disagrees with the majority opinion, that [majority] opinion is still binding on this court.").

Applying the *Briskin* framework, the Court evaluated the totality of Defendants' purposeful contacts with the U.S. to ensure they were "meaningful," and not "random, isolated, or fortuitous."  Specifically, the Court concluded that jurisdiction is proper because (1) the allegations support a strong inference that Defendants knew Plaintiff was in the U.S.; (2) despite that knowledge, they deliberately targeted her in the U.S. by exfiltrating data from her device; and (3) Defendants had other forum-related contacts that "connect[] [Defendants] to [the U.S.] in a meaningful way." ECF 151 at 21 (citing *Walden*, 571 U.S. at 290).

Page 7 - PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B)

Defendants mischaracterize the bases of the Court's decision by ignoring its consideration of their other forum-related contacts, which include, *inter alia*: (1) communicating, contracting, and coordinating with a U.S. company to obtain and integrate zero-click iMessage exploits into the Karma hacking tool; (2) combining the exploits with U.S. technology and computer hardware built in the U.S.; and (3) disguising the origin of their hacking transmissions by routing them through U.S.-based anonymization services and proxy servers. *See* ECF 151 at 5-6 (citing ECF 54 ¶¶ 93-108).

Far from peripheral, these contacts were part of—and indeed integral to—the Court's jurisdictional finding. While Defendants' motion centers on the Court's finding with respect to Defendants' alleged continuous monitoring/exfiltration of data while Plaintiff's iPhone was in the U.S., the Court's conclusion on personal jurisdiction was based not only on Defendants' alleged tortious exfiltration of data, but also the acquisition, use, and enhancement of U.S.-created exploits from U.S. companies to create the hacking tool used to accomplish the tortious conduct. *See* ECF 151 at 29-30; *id.*, at 2 ("Plaintiff's allegations that Defendants committed an intentional tort while Plaintiff was in the U.S., *together with Defendants' other forum-related contacts*, establish minimum contacts that arise out of Plaintiff's claims.") (emphasis added); *id.* at 9-10 ("Defendants also expressly aimed their conduct at the U.S. by using U.S. exploits to commit their tortious actions and using U.S. anonymization services to avoid detection. *Plaintiff has shown her claims arise out of these forum-related contacts*.") (emphasis added). Defendants' disagreement with the Court's application of *Briskin* to the facts in this case does not transform the issue Defendants' raise into a pure question of law suitable for interlocutory appeal.

**B.** **Because the Ninth Circuit Has Resolved the Issue, Decisions of Other Courts Cannot Support the Conclusion that Substantial Grounds for Difference of Opinion Exist**

The First and Third Circuit cases cited by Defendants (ECF 152 at 12) do not control because the en banc court in *Briskin* addressed the matter. *See Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001) ("Once a panel resolves an issue in a precedential opinion, the matter is deemed resolved, unless overruled by the court itself sitting en banc, or by the Supreme Court.").

As Defendants themselves admit, contrary conclusions by other circuits are only relevant where "the court of appeals of the circuit has not spoken on the point." ECF 152 at 5 (quoting *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022)). *See also Couch v. Telescope Inc*., 611 F.3d 629, 633 (9th Cir. 2010) ("Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question *and the court of appeals of the circuit has not spoken on the point*'") (citing 3 Federal Procedure, Lawyers Edition § 3:212 (2010)) (emphasis added); *cf. Couch*., 611 F.3d at 633 ("[J]ust because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal.") (internal quotation marks omitted).

In any event, the cases Defendants cite are inapposite. First, the Third Circuit's holding in *Hasson* v. *FullStory, Inc*. rested on the "forum-specific focus" test, which the Ninth Circuit expressly rejected in *Briskin*. 114 F.4th 181, 190 (3d Cir. 2024) (quoting *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201 (9th Cir. 2020)). *Hasson* denied personal jurisdiction on the ground that the defendant's website "targets a 'national audience,'" and there was no allegation that (1) the website was "accessible only in [the forum]," (2) the code at issue was deployed "only to users who access the site while [in the forum]," or (3) that defendant's "website tailors its content …

to" residents of the forum. *Id*. at 190; *see also id*. at 191-92. To reach this conclusion, *Hasson*

relied on the Ninth Circuit decision, *AMA Multimedia*, 970 F3d at 1210. *Id*. at 757. However,

*Briskin* "overrul[ed] … *AMA*'s rationale requiring a 'forum-specific focus' or 'differential

targeting,'" *Briskin*, Inc., 135 F.4th at 757.[2]

     The facts of *Hasson* are also dissimilar in key respects. The *Hasson* defendant only

"ultimately learn[ed] of the Plaintiffs' location after the fact" of sending code that collected user

information, *Hasson*, 114 F.4th at 181 (internal quotation marks omitted). By contrast, the Court

found it reasonable to infer from Alhathloul's allegations that Defendants "knew Plaintiff was in

the U.S. *when they deliberately exfiltrated data from her device*." ECF 151 at 19 (emphasis

added). Additionally, the *Hasson* defendant's only other activity in the forum, "operating

restaurants and selling pizza," was unrelated to the alleged tort. *Hasson*, 114 F. 4th at 192. By

contrast, "[h]ere, Defendants' alleged purchase of U.S.-made exploits to incorporate into Karma

and use of U.S.-based anonymization services and proxy servers to mask the origin and avoid

detection … demonstrate that Defendants expressly aimed their [tortious] conduct at the U.S."

ECF 151 at 24-25.

     The First Circuit's decision in *Rosenthal v. Bloomingdales.com, LLC* is of no more help

to Defendants. In that case, the "plaintiff ha[d] not proffered the requisite evidence to establish

that [the defendant] knew that it was targeting him when he was in [the forum]." *Rosenthal v.*

*Bloomingdales.com, LLC*, 101 F.4th 90, 98 (1st Cir. 2024). Here, "Plaintiff has made a sufficient

---

[2] Defendants' promise not to "rely on any part of the Third Circuit's opinion resting on *AMA's* discussion of differential targeting," ECF 152 at 10 n.3, does not solve the problem because the requirement of differential targeting drove the Third Circuit's holding.

Page 10 - PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION FOR
CERTIFICATION OF INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B)

showing that Defendants knew Plaintiff was in the U.S. when they allegedly exfiltrated her

private communications." ECF 151 at 19.

## III.   NONE OF DEFENDANTS' REMAINING ARGUMENTS CHANGE THE OUTCOME THAT REQUIREMENTS FOR CERTIFICATION ARE NOT MET

The fact that the Order concerns personal jurisdiction does not amount to an "exceptional

circumstance[]," *In re Cement Antitrust Litig.*, 673 F.2d at 1026, sufficient for certification of an

interlocutory appeal."  Tellingly, in arguing that personal jurisdiction weighs in favor of

certification (ECF 152 at 12-13), Defendants do not cite any cases where § 1292(b) certification

has been granted by a court in the Ninth Circuit in the context of personal jurisdiction.  *Arthur v.*

*Murphy Co.*, Case 1:10-cv-03142-CL, ECF 58 at 2-3  (cited in ECF 152 at 12) concerned the

power of an attorney to bind a client to the terms of a settlement agreement and *Biederman v.*

*FCA US LLC*, No. 23-cv-06640-JSC, 2025 U.S. Dist. LEXIS 83591, at *10 (N.D. Cal. May 1,

2025) (cited in ECF 152 at 13) concerned a legal question related to the application of the civil

RICO statute.  Of course, the denial of dismissal on personal jurisdiction grounds does not

automatically render an order immediately appealable.  *See Van Cauwenberghe v. Biard*, 486

U.S. 517, 527, (1988) ("[W]e have held that the denial of a claim of lack of jurisdiction is not an

immediately appealable collateral order.").  For this reason, courts in this District routinely deny

§ 1292(b) certification of orders finding personal jurisdiction for the purposes of Fed. R. Civ. P.

12(b)(2).[3]

---

[3] *See, e.g.*, *Natkin v. Am. Osteopathic Ass'n*, No. 3:16-cv-01494-SB, 2017 U.S. Dist. LEXIS 149339, at *9 (D. Or. July 27, 2017), *adopted in* 2017 U.S. Dist. LEXIS 147110 (D. Or. Sep. 12, 2017); *Ott v. Mortg. Inv'rs Corp. of Ohio*, No. 3:14-cv-00645-ST, 2015 U.S. Dist. LEXIS 48770, at *13 (D. Or. Apr. 14, 2015); *Sheets v. Integrated Info. Util. Sys.*, Civil No. 98-1328-KI, 1999 U.S. Dist. LEXIS 9719, at *3-4 (D. Or. June 17, 1999); *Wilson v. Rolls-Royce Motor Cars*, Civil No. 93-1073-FR, 1994 U.S. Dist. LEXIS 3280, at *2-3 (D. Or. Mar. 14, 1994).

Page 11 - PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B)

Furthermore, the Supreme Court has made clear that there is a "strong bias … against piecemeal appeals." *Dig. Equip. Corp. v. Desktop Direct*, 511 U.S. 863, 872 (1994)*; see also In re Lorillard Tobacco Co.*, 370 F.3d 982, 988 (9th Cir. 2004) (noting "strong policy concerns in favor of respecting the 'integrity of the congressional policy against piecemeal appeals'") (quoting *Switzerland Cheese Ass'n. v. E. Horne's Mkt, Inc.*, 385 U.S. 23, 25 (1966). "'[A]pplying a loose construction' of § 1292 'only encourages … wasting precious appellate resources, burdening adverse parties, and … diverting effort from expeditious continuation of trial court proceedings.'" *Miesen v. Henderson*, No. 1:10-cv-00404-DCN, 2022 U.S. Dist. LEXIS 24152, at *28-29 (D. Idaho Feb. 8, 2022) (quoting *In re Lorillard Tobacco Co*., 370 F.3d at 988). Certifying the Order is not "the most efficient path forward." ECF 152 at 13.

Defendants' failure to satisfy the requirements for certification under § 1292(b) is dispositive. *Couch*, 611 F.3d at 633 ("Certification under § 1292(b) requires the district court to expressly find … that all …. § 1292(b) requirements are met."); *see also Villarreal*, 85 F. Supp. 3d at 1068 (even where "statutory criteria are satisfied, district court judges have unfettered discretion to deny certification") (internal quotation marks omitted). The additional policy arguments Defendants raise (ECF 52 at 13-15) are irrelevant to the statutory test. Moreover, even if the policy arguments were relevant, they do not favor certification here.

*First*, Defendants' concerns about litigating any personal jurisdiction appeal after final judgment, ECF 152 at 14, are misplaced. "[P]ersonal jurisdiction … is better viewed as a right not to be subject to a binding judgment" rather than "as a right not to stand trial altogether." *Alaska v. United States*, 64 F.3d 1352, 1355 (9th Cir. 1995) (internal quotation marks omitted);

*see also Van Cauwenberghe*, 486 U.S. at 526-27 (1988) ("[P]etitioner's challenge to the District Court's exercise of personal jurisdiction … should be characterized as the right not to be subject to a binding judgment of the court … [that] may be effectively vindicated following final judgment[.]"); *Bos. Telecomms. Grp., Inc. v. Deloitte Touche Tohmatsu*, 249 F. App'x 534, 536 (9th Cir. 2007) ("The requirement that a court have personal jurisdiction … 'protects an individual's liberty interest in *not being subject to the binding judgments of a forum*[.]'" (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-72 (1985) (emphasis added)).

*Second*, Defendants' concern that denying certification would conflict with the interests of UAE and Saudi Arabia, ECF 152 at 15, is exaggerated.  The Court already considered the "extent of conflict with the sovereignty of the defendant's state" as a factor in its personal jurisdiction analysis, and noted that this factor is "'not dispositive.'"  ECF 151 at 32-33 (quoting *Gates Learjet Corp. v. Jensen,*743 F.2d 1325, 1333 (9th Cir. 1984)).

*Third*, certification is not required to "provide clarity to courts [and] litigants."  ECF 152 at 14. As explained above in Section I.A, *Briskin* expressly ruled on the jurisdictional question presented by Defendants.

## CONCLUSION

Failure to meet even one of the three statutory requirements for interlocutory appeal certification outlined in §1292(b) is fatal to Defendants' motion.  Here, Defendants have not carried their burden to meet any of the certification requirements.  For the foregoing reasons, Defendants' motion to certify for interlocutory appeal the Court's Order should be denied.  Plaintiff defers to the Court's preference regarding oral argument.

Dated:  September 30, 2025

Page 13 - PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B)

Respectfully submitted,

TONKON TORP LLP

Stephanie J. Grant, OSB No. 154957
Stephanie.grant@tonkon.com


/s/      *Christopher E. Hart*
Christopher E. Hart (*pro hac vice*)
Anthony D. Mirenda (*pro hac vice*)
Andrew Loewenstein (*pro hac vice*)
Ariella Katz Miller (*pro hac vice* application forthcoming)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000
chart@foleyhoag.com
adm@foleyhoag.com
aloewenstein@foleyhoag.com
arkatz@foleyhoag.com

Carmen Cheung (*pro hac vice*)
Claret Vargas (*pro hac vice*)
Daniel McLaughlin
CENTER FOR JUSTICE AND
ACCOUNTABILITY
268 Bush St. #3432
San Francisco, CA 94104
(415) 544-0444
dmclaughlin@cja.org
cvargas@cja.org
ccheung@cja.org

David Greene (*pro hac vice*)
Sophia Cope (*pro hac vice*)
ELECTRONIC FRONTIER FOUNDATION
San Francisco, CA 94109
(415) 436-9333
davidg@eff.org
sophia@eff.org

*Attorneys for Plaintiff Loujain Hathloul Alhathloul*