Clifford S. Davidson, OSB No. 125378
csdavidson@swlaw.com
Priscilla A. Parrett, OSB No. 227185
pparrett@swlaw.com
SNELL & WILMER L.L.P.
601 SW Second Avenue, Suite 2000
Portland, Oregon 97204-3229
Telephone:    503.624.6800
Facsimile:    503.624.6888
Attorneys for Defendants
Marc Baier, Ryan Adams, and Daniel Gericke

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| LOUJAIN HATHLOUL ALHATHLOUL,<br><br>          Plaintiff,<br><br>     v.<br><br>DARKMATTER GROUP, MARC BAIER, RYAN ADAMS, and DANIEL GERICKE,<br><br>          Defendants. | Case No. 3:21-cv-01787-IM<br><br>INDIVIDUAL DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AS TO THE SECOND CLAIM FOR RELIEF |

## LR 7-1 CERTIFICATION

The parties conferred on this motion, and discussed the issues relevant to the motion, but did not resolve it.

## MOTION

Pursuant to Fed. R. Civ. P. 12(c), Defendants Marc Baier, Ryan Adams, and Daniel Gericke (the "Individual Defendants"), move for partial judgment on the pleadings as to the Second Claim for Relief. The Court should dismiss that claim, which alleges conspiracy to violate the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA" or "Act"), because the CFAA does not provide a civil cause of action for alleged conspiracy to violate the Act's terms.

### I.   Introduction

Plaintiff's Second Claim for Relief alleges that the Individual Defendants conspired to hack Plaintiff's phone and exfiltrate data from it. *See, e.g.,* FAC ¶ 216 (ECF No. 54) ("By

participating together in this conduct [alleged in the 215 prior paragraphs]—and with UAE officials—Defendants engaged in a conspiracy to violate the CFAA."). Plaintiff also suggests that the Individual Defendants conspired with their earlier employer, CyberPoint, to help DarkMatter violate the CFAA. FAC ¶¶ 219, 220.

Assuming *arguendo* the truth of these allegations, which all defendants vehemently deny, the Court should enter judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) as to Plaintiff's claim for conspiracy to violate the CFAA because the Act's civil cause of action does not encompass claims for conspiracy. Subsection (g) of the Act provides a civil cause of action for a "violation" of the Act, but it does not include conspiracy to violate the Act, unlike other subsections that specify when the Act applies to conspiracy to violate it.

## II.    Computer Fraud and Abuse Act

The CFAA "is primarily a criminal statute." *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1200 (9th Cir. 2022) (simplified). Subsection 1030(a) enumerates several computer intrusion offenses that subject an offender to punishment. Subsection 1030(b) provides that conspiring to violate subsection (a) is subject to punishment. Subsection 1030(c) sets forth varying degrees of punishment, depending on the type and degree of harm caused by a violation or a conspiracy. Subsection 1030(g) creates a civil cause of action for violation of the Act:

> Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i).

And subsections 1030(i) and (j) address forfeiture:

> **§ 1030(i)(1):** The court, in imposing sentence on any person convicted of a violation of this section, or convicted of conspiracy to violate this section, shall order, in addition to any other sentence

imposed and irrespective of any provision of State law, that such person forfeit to the United States [specified property interests]

**§ 1030(j):** For purposes of subsection (i), the following shall be subject to forfeiture to the United States and no property right shall exist in them * * * (1) Any personal property used or intended to be used to commit or facilitate the commission of any violation of this section, or a conspiracy to violate this section. **(2)** Any property, real or personal, which constitutes or is derived from proceeds traceable to any violation of this section, or a conspiracy to violate this section[.]

## III.     Legal Standard

Pursuant to Fed. R. Civ. P. 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed[] but early enough not to delay trial."[1] In deciding a Rule 12(c) motion, the Court applies the Rule 12(b)(6) standard; the Court "must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015) (simplified). A party may move for judgment on the pleadings as to fewer than all claims. *See, e.g., Good Clean Love, Inc. v. Epoch NE Corp.*, No. 6:21-CV-01294-AA, 2024 WL 2390462, at *6 (D. Or. May 23, 2024) (granting motion as to two of four claims); *Goldingay v. Progressive Cas. Ins. Co.*, 306 F. Supp. 3d 1259, 1263, 1270–71 (D. Or. 2018) (granting motion as to two of three claims against one of the defendants).

## IV.     The CFFA Does Not Authorize a Civil Claim for Conspiracy.

Plaintiff asserts a claim for violation of the Act, First Claim for Relief, and a claim for conspiracy to violate the Act, Second Claim for Relief. The CFAA authorizes a civil cause of action for a "violation of this section." 18 U.S.C. § 1030(g). Thus, the question presented by this motion is whether a "violation" as used in subsection 1030(g) encompasses alleged conspiracy to

---

[1] The Court has not set a trial date in this action.

violate the CFAA. Neither the Supreme Court, nor any U.S. Circuit Court of Appeals, has yet considered whether the CFAA's civil liability provision allows a claim for conspiracy, and district courts are split on the issue. *See Intent Performance LLC v. Intent Sports & Fitness, LLC*, No. 2:23-CV-86-TBM-RPM, 2025 WL 1601045, at *13 (S.D. Miss. June 5, 2025), *appeal filed*, No. 25-60344 (5th Cir. June 27, 2025) (noting split and expressing skepticism that conspiracy gives rise to a civil CFAA claim).[2] However, principles of statutory construction make clear that the answer is no, a claim for conspiracy is not encompassed by the Act's civil cause of action for a "violation."

The CFAA uses the terms "violation" and "conspiracy to violate" as having different meanings. Subsections 1030(i) and 1030(j), in describing property that is subject to forfeiture, each use the term "violation" and the term "conspiracy to violate" in the same sentence. 18 U.S.C. § 1030(i)(1) ("The court, in imposing sentence on any person convicted of a *violation* of this section, or convicted of *conspiracy to violate* this section, shall order . . .that such person forfeit to the United States) (emphasis added)); *id.* § 1030(j) ("For purposes of subsection (i), the following shall be subject to forfeiture to the United States and no property right shall exist in them * * * (1) Any person property used or intended to be used to commit or facilitate the commission of any *violation* of this section, or a *conspiracy to violate* this section. (2) Any property, real or personal, which constitutes or is derived from proceeds traceable to any *violation* of this section, or a *conspiracy to violate* this section[.]") (emphasis added). That use of the two different terms indicates that they have distinct meanings. *See Rudisill v. McDonough*,

---

[2] The District of Delaware's opinion in *Ryanair DAC v. Booking Holdings Inc.*, 636 F. Supp. 3d 490, 509 n12 (D. Del. 2022), appears to be the leading case in which a party argued that CFAA conspiracy does not give rise to a civil claim. The court held that it does. In doing so, the court rejected the defendant's apparently barebones argument that a "violator" within the meaning of subsection 1030(g) could not be a conspirator. *Id.* Unlike the Individual Defendants here, defendants in that case did not present any meaningful analysis of the statutory text in support of their argument. *See* Mot. to Dismiss, 1:20-cv-01191-WCB (D. Del.) ECF No. 87 at 25-26 (filed 08/17/22) (relying entirely on bare statement that "violator" cannot include one who conspires); *see also* Reply re Mot. to Dismiss, ECF No. 101 at 13-14 (filed 09/22/22) (offering nothing further on this point). *Ryanair DAC* is therefore unpersuasive. Undersigned counsel has located no opinion involving meaningful analysis of the CFAA to evaluate whether a subsection 1030(g) claim may be based on a conspiracy.

601 U.S. 294, 308 (2024) ("[W]e generally presume differences in language . . . convey differences in meaning.") (internal quotation marks and citation omitted); *see also* 2A Sutherland Statutory Construction § 46:6 (7th ed.) ("Different words used in the same, or a similar, statute are assigned different meanings whenever possible.") (citing cases).

Indeed, according to the rule against surplusage, courts construe a statute to give effect to all of its provisions so that no part is inoperative or superfluous. *Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 475 (2019) ("We generally presume that statutes do not contain surplusage." (simplified)); *Loughrin v. United States*, 573 U.S. 351, 358 (2014) ("[It is a] cardinal principle of interpretation that courts must give effect, if possible, to every clause and word of a statute." (simplified)); *League of California Cities v. Fed. Commc'ns Comm'n*, 118 F.4th 995, 1019 (9th Cir. 2024) ("The rule against surplusage generally prohibits us from interpreting the regulation in a way that makes part of it unnecessary."(simplified)); *see also Feliciano v. Dep't of Transportation*, 145 S. Ct. 1284, 1294 (2025) ("Whenever a reading arbitrarily ignores linguistic components or inadequately accounts for them, the reading may be presumed improbable." (quoting A. Scalia & B. Garner, *Reading Law: The Interpretation of Legal Texts* 174 (2012)). If "violation" encompassed "conspiracy to violate," then there would be no need for subsections 1030(i) and (j) to include both terms, and the separate reference to conspiracy would be superfluous. The rule against surplusage precludes that construction. *See Obduskey*, 586 U.S. at 475; *League of California Cities*, 118 F.4th at 1019.

It is also a "normal rule of statutory construction that identical words used in different parts of the same act are intended to have the same meaning." *Gustafson v. Alloyd Co.*, 513 U.S. 561, 570 (1995) (simplified); *accord, e.g.*, *U.S. v. Maciel-Alcala*, 612 F.3d 1092, 1098-99 (9th Cir. 2010). Accordingly, "violation" as used in subsection 1030(g)'s provision for a civil cause of action should be interpreted as bearing the same meaning the term has in subsections 1030(i) and 1030(j). Because "violation" in subsections 1030(i) and (j) should be construed to have a meaning that is distinct from "conspiracy to violate," as explained above, "violation" in subsection 1030(g) should be construed the same way and not to encompass conspiracy to

violate the Act. *See id.* Indeed, the "close proximity" of subsections 1030(g), 1030(i) and 1030(j) "presents a classic case for application of the normal rule of statutory construction that identical words used in different parts of the same act are intended to have the same meaning." *Maciela-Alcala*, 612 F.3d at 1098-99 (internal quotation omitted).

Had Congress intended to include a claim for conspiracy to violate the CFAA in the Act's civil cause of action, it could have included the phrase "or conspiracy to violate this section" in subsection 1030(g), just like it did in subsections 1030(i) and 1030(j). The omission of that language from subsection 1030(g) strongly indicates that Congress did not intend to create a civil claim for conspiracy to violate the CFAA. *See City of Chicago v. Env't Def. Fund*, 511 U.S. 328, 338 (1994) ("[I]t is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another.") (internal quotation omitted); *N. D. v. Reykdal*, 102 F.4th 982, 993 (9th Cir. 2024) ("Ordinarily, when Congress "uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended." (quoting *Sosa v. Alvarez-Machain*, 542 U.S. 692, 711 n.9 (2004)); *see also Samantar v. Yousuf*, 560 U.S. 305, 317-18 (2010) (holding that "foreign state" in the Foreign Sovereign Immunities Act does not include government officials because, among other reasons, "Congress expressly mentioned officials" elsewhere in the statute "when it wished to count their acts as equivalent to those of a foreign state").

Congress used the term "violation" in only three parts of the CFAA: subsections 1030(g), (i), and (j). Because subsection 1030(g) specifies only a "violation" while subsections 1030(i) and (j) specify both a "violation" and "conspiracy to violate," subsection 1030(g)'s civil cause of action should be construed to encompass only a violation of the CFAA and not conspiracy to violate the Act.

**V.     Conclusion**

For the foregoing reasons, the Court should hold that the CFAA does not permit a civil claim for conspiracy and, pursuant to Federal Rule of Civil Procedure 12(c), enter judgment on

the pleadings in the Individual Defendants' favor as to Plaintiff's Second Claim for Relief, conspiracy to violate the Act.

DATED this 5th day of November, 2025.

SNELL & WILMER L.L.P.

/s/ Clifford S. Davidson
Clifford S. Davidson, Bar No. 125378

Attorneys for Marc Baier, Ryan Adams, and Daniel Gericke

4938-2092-2482