IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LOUJAIN HATHLOUL ALHATHLOUL,**<br><br>Plaintiff,<br><br>v.<br><br>**DARKMATTER GROUP**; **MARC BAIER**; **RYAN ADAMS**; and **DANIEL GERICKE**,<br><br>Defendants. | Case No. 3:21-cv-01787-IM<br><br>**ORDER DENYING INDIVIDUAL DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |

Stephanie J. Grant, Tonkon Torp LLP, 1300 SW Fifth Avenue, Suite 2400, Portland, OR 97201; Andrew Barak Loewenstein, Anthony Mirenda, Ariella Katz Miller & Christopher Escobedo Hart, Foley Hoag LLP, 155 Seaport Boulevard, Boston, MA 02210; Carmen K. Cheung, Claret Vargas & Daniel McLaughlin, Center for Justice & Accountability, 268 Bush Street #3432, San Francisco, CA 94104; and David Greene & Sophia Sabrina Cope, Electronic Frontier Foundation, 815 Eddy Street, San Francisco, CA 94109. Attorneys for Plaintiff.

Clifford S. Davidson & Priscilla Parrett, Snell & Wilmer LLP, 601 SW Second Avenue, Suite 2000, Portland, OR 97204; Nicholas F. Aldrich, Jr., Schwabe, Williamson & Wyatt, P.C., 1420 SW Fifth Avenue, Suite 3400, Seattle, WA 98101; Anthony T. Pierce, Caroline Lewis Wolverton & James Tysse, Akin Gump Strauss Hauer & Feld LLP, 2001 K Street N.W., Washington, DC 20006; Natasha G. Kohne, Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, CA 94104. Attorneys for Defendants.

**IMMERGUT, District Judge.**

Before this Court is the Individual Defendants' Motion for Partial Judgment on the Pleadings ("Motion"), ECF 167, in which Defendant DarkMatter Group joins, Defendant DarkMatter Group's Joinder in the Individual Defendants' Motion, ECF 169. The facts of this case as alleged in Plaintiff's First Amended Complaint ("FAC"), ECF 54, are detailed in this Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motions to Dismiss, ECF 151 at 3–9. As relevant here, Plaintiff brought a claim against all Defendants for conspiracy to violate the Computer Fraud and Abuse Act ("CFAA"). FAC, ECF 54 ¶¶ 215–26. Defendants argue that "the CFAA does not provide a civil cause of action for alleged conspiracy." Motion, ECF 167 at 1. Defendants contend that the CFAA does not authorize a civil claim for conspiracy and therefore Plaintiff cannot state such a claim as a matter of law. *Id.* at 3–6. But Defendants' interpretation of the CFAA contradicts the unambiguous text of the statute, which provides a civil cause of action for conspiracy. Therefore, this Court denies the Motion.

Under Federal Rule of Civil Procedure 12(c), "a party may move for judgment on the pleadings" "[a]fter the pleadings are closed—but early enough not to delay trial." "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6)." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citation modified). A court must determine whether "the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Id.* (citation modified).

"In construing the provisions of a statute, [the court] first analyze[s] its language to determine whether its meaning is plain." *In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1180 (9th Cir. 2013). The court "presume[s] that the legislature says in a statute what it means and means in a statute what it says there." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir.

2009) (citation modified). "Thus, [the] inquiry begins with the statutory text, and ends there as well if the text is unambiguous." *Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020, 1030 (9th Cir. 2021) (citation modified). "Where the statutory text is ambiguous, however, [the court] may 'look to other interpretive tools, including the legislative history[,]' in order to determine the statute's best meaning." *In re HP Injket Printer Litig.*, 716 F.3d at 1180–81 (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 567 (2005)).

Here, the unambiguous text of the CFAA includes a civil cause of action for conspiracy. Under the CFAA, "[a]ny person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator." 18 U.S.C. § 1030(g). Defendants do not dispute that "'this section' refers to the full U.S. Code section that codifies the CFAA, 18 U.S.C. § 1030." Defendants' Reply in Support of Motion for Partial Judgment on the Pleadings ("Reply"), ECF 175 at 3. And the CFAA explicitly states that "[w]hoever *conspires to commit* or attempts to commit an offense under subsection (a) of this section shall be punished." 18 U.S.C. § 1030(b) (emphasis added). Therefore, conspiracy to commit an offense under subsection (a) of the CFAA plainly constitutes "a violation of this section," for which a plaintiff "may maintain a civil action." 18 U.S.C. § 1030(g); *see Violation*, Black's Law Dictionary (8th ed. 2004) ("An infraction or breach of the law; a transgression."). This Court agrees with other district courts in this circuit that have interpreted subsection (g) in the same straightforward manner to conclude that "a plaintiff may pursue a claim for conspiracy under the CFAA." *Calsoft Labs, Inc. v. Panchumarthi*, No. 19-cv-04398, 2019 WL 5811300, at *7 (N.D. Cal. Nov. 7, 2019); *see also Genentech, Inc. v. JHL Biotech, Inc.*, No. 18-06582, 2019 WL 2476617, at *4 (N.D. Cal. June 13, 2019) (same).

Defendants resist the plain meaning of the statute and argue that "'violation' in subsection 1030(g)" does not "encompass conspiracy to violate the [CFAA]." Motion, ECF 167 at 5. Defendants rely on various canons of interpretation, *see id.* at 4–6; Reply, ECF 175 at 4, but as an initial matter, Defendants' interpretation is unavailing since "the text is unambiguous," and thus there is no need to "look to other interpretive tools." *In re HP Injket Printer Litig.*, 716 F.3d at 1180–81 (citation modified).

In any event, Defendants' arguments fail on their own terms because they hinge on the false assumption that a statute cannot contain any redundancy. Defendants first point to two subsections of the CFAA that "each use the term 'violation' and the term 'conspiracy to violate' in the same sentence." Motion, ECF 167 at 4 (quoting 18 U.S.C. § 1030(i)–(j)). Defendants reason that applying the rule against surplusage to these sentences demonstrates that "violation" does not include "conspiracy to violate." *Id.* at 5. And to give "violation" a consistent meaning in the CFAA, Defendants conclude that "'violation' in subsection 1030(g) should be construed the same way and not encompass conspiracy to violate the [CFAA]." *Id.* at 5–6. Defendants' argument therefore hinges on the premise that there can be no overlap in the phrase "violation of this section" and "conspiracy to violate this section." 18 U.S.C. § 1030(i)–(j). Defendants ignore that "redundancies are common in statutory drafting—sometimes in a congressional effort to be doubly sure, sometimes because of congressional inadvertence or lack of foresight, or sometimes simply because of the shortcomings of human communication." *Barton v. Barr*, 590 U.S. 222, 239 (2020). The Supreme Court "has often recognized" that "the better overall reading of the statute contains some redundancy." *Id.* (citation modified) (collecting cases). That is true here where "[a]s a matter of statutory text and structure," the CFAA unambiguously provides a civil

cause of action for conspiracy. *Id.* at 233. In short, "[r]edundancy in one portion of a statute is not a license to rewrite or eviscerate another portion of the statute contrary to its text." *Id.* at 239.

Defendants' Motion for Partial Judgment on the Pleadings, ECF 167, is DENIED.

**IT IS SO ORDERED.**

DATED this 13th day of February, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 5 – ORDER DENYING INDIVIDUAL DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS