Stephanie J. Grant, OSB No. 154957
TONKON TORP LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.802.5736
503.274.8779
stephanie.grant@tonkon.com

Anthony D. Mirenda (*pro hac vice*)
Andrew Loewenstein (*pro hac vice*)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000
adm@foleyhoag.com
aloewenstein@foleyhoag.com

Christopher E. Hart (*pro hac vice*)
ANDERSON & KREIGER LLP
50 Milk Street
Boston, MA 02109
(617) 621-6571
chart@andersonkreiger.com

Claret Vargas (*pro hac vice*)
Daniel McLaughlin
CENTER FOR JUSTICE AND ACCOUNTABILITY
268 Bush St. #3432
San Francisco, CA 94104
(415) 544-0444
cvargas@cja.org
dmclaughlin@cja.org

David Greene (*pro hac vice*)
Sophia Cope (*pro hac vice*)
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
(415) 436-9333
davidg@eff.org
sophia@eff.org

*Attorneys for Plaintiff Loujain Hathloul Alhathloul*

Page 1 - STIPULATED PROTECTIVE ORDER

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| LOUJAIN HATHLOUL ALHATHLOUL, | No. 3:21-cv-01787-IM |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| DARKMATTER GROUP, MARC BAIER, RYAN ADAMS, AND DANIEL GERICKE, | |
| Defendants. | |

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c).

The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. Discovery may encompass information subject to confidentiality or protective agreements, trade secrets, personal identifying information, or personal health information. The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted and sufficient to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1.     All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" shall be used only in this proceeding.

2.     For purposes of this Order:

Page 2 - STIPULATED PROTECTIVE ORDER

a. "Confidential" shall mean that the document is comprised of or includes information which the designating party believes in good faith is not publicly known and which may include, but is not limited to, trade secrets, personal identifying information, personal health information, or information which is required by law or agreement to be kept confidential.

b. The "Attorneys' Eyes Only" designation shall mean that the document is comprised of Confidential information that the producing party deems especially sensitive. Documents or materials may be designated "Attorneys' Eyes Only" if disclosing such documents or materials to another party or non-party would create a substantial risk of serious harm that could not be avoided by less-restrictive means. The parties agree that all information subject to a nondisclosure agreement with a U.S. or U.A.E. government authority and identified by such government as sensitive shall be designated as Attorneys' Eyes Only unless such protection is waived by the government agency or other producing party.

c. The parties agree that all information relating to the identity of political activists, members of civil society, or other individuals whose identities are not necessary for the resolution of this litigation shall be designated as Confidential, or Attorneys' Eyes Only where appropriate.

3. Use of any documents or information labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely and exclusively to this case and shall not be used by any party for any other purpose, including any business, commercial, media, or competitive purpose. All documents or other information labeled "Confidential" or "Attorneys' Eyes Only" will be maintained in a

Page 3 - STIPULATED PROTECTIVE ORDER

manner that limits access to those persons identified in paragraphs 8 and 9 of this Protective Order, respectively. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

4.      The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards.  The party shall designate each page of the document with a stamp identifying it as either "Confidential" or "Attorneys' Eyes Only," if practical to do so.  Documents produced in native or other electronic forms not susceptible to stamping, if designated, shall bear the designation on their file name.

5.      If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE  ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND  SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN  THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE  PROTECTIVE ORDER.

*or*

ATTORNEYS' EYES ONLY

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE  ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS'  EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON  OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH  9 OF THE PROTECTIVE ORDER

6.      If a party is filing a document that it has itself designated as "Confidential" or "Attorneys' Eyes Only," that party: (a) may elect to file such document publicly; or (b) if filing under seal, shall reference this Stipulated Protective Order in submitting the document. If a non-designating party is filing a document that another party has designated as "Confidential" or "Attorneys' Eyes Only," then the non-designating party shall: (a) confer regarding filing such document publicly; or (b) file the document under seal. If the non-designating party makes a request in writing to the Court to have the document unsealed and designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

7.      Within thirty (30) days after receipt of the transcript of any deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Attorneys' Eyes Only" the transcript or any portion of the transcript that the party or witness contends discloses such information. If a transcript or excerpt of a transcript containing any such material is filed with the Court, such filing shall proceed in the manner described in paragraphs 5 and 6. All deposition transcripts shall be treated as "Confidential" or "Attorneys' Eyes Only" as noted on the record during the deposition until the expiration of the thirty-day period. The 30-day period to designate transcript material shall begin to run when the transcript is first delivered to the parties, as opposed to the expiration of a period to read and sign or the receipt of any errata.

8.      Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the

Page 5 - STIPULATED PROTECTIVE ORDER

following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

a.   Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

b.   In-house counsel for the parties, and the administrative staff for each in-house counsel.

c.   Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

d.   Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

e.   The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

f.   The authors and the original recipients of the documents.

g.   Any court reporter or videographer reporting a deposition.

h.   Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

9.   Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

a.   Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

b.   In-house counsel for the parties.

Page 6 - STIPULATED PROTECTIVE ORDER

c.  The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

d.  Any court reporter or videographer reporting a deposition.

e.  Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

f.  Testifying or consulting experts retained by the parties.

10.  Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraphs 8(c) and (d) and 9(f) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

11.  Whenever information designated as "Confidential" or " Attorneys' Eyes Only" is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 8 and 9, as appropriate, for that portion of the deposition, hearing or proceeding.

12.  Each party reserves the right to dispute the designation claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete nondisclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless

abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

13.     All documents produced by or testimony provided by a third party shall be deemed Confidential until fourteen days after production to all other parties.  If a party in good faith believes those documents or that testimony contains Confidential or Attorneys' Eyes Only information as described herein, that party may designate the document or testimony as "Confidential" or "Attorneys' Eyes Only" as appropriate.

14.     The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document. The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party  of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

15.     Documents or information designated "Confidential" or "Attorneys' Eyes Only" shall not be submitted to any "Prohibited AI Tool," as defined below.  Providing such information to any such public or open tool is considered disclosure to a third party. The obligations and restrictions of this paragraph apply even where the data, documents, or information have been anonymized.

   a.  "Prohibited AI Tool" means any generative artificial intelligence, large language model, or machine learning tool or service that is made generally available to the

public or that does not satisfy all of the criteria set forth in the definition of "Permitted AI Tool" below. Without limiting the generality of the foregoing, a tool or service shall be deemed a Prohibited AI Tool if any of the following conditions exist:

    i. the tool or service is accessible to users without a written enterprise or professional-services agreement that governs the confidentiality and handling of user inputs;

    ii. the provider's terms of service, privacy policy, or other governing documentation permit the provider to use, retain, or incorporate user inputs or any derivatives thereof for the purpose of training, fine-tuning, or otherwise improving its models;

    iii. user inputs may be accessed by or disclosed to persons or entities other than those persons identified in paragraphs 8 and 9 of this Protective Order; or

    iv. the provider does not maintain commercially reasonable administrative, technical, and physical safeguards designed to protect the confidentiality of user inputs.

b. **"Permitted AI Tool"** means any generative artificial intelligence, large language model, or machine learning tool or service that satisfies all of the following conditions:

    i. the tool or service is accessed pursuant to a written enterprise or professional-services agreement between the provider and the receiving party (or its outside counsel) that contractually prohibits the provider from using, retaining, or incorporating user inputs or any derivatives thereof for

Page 9 - STIPULATED PROTECTIVE ORDER

the purpose of training, fine-tuning, or otherwise improving its models;

ii.  user inputs are accessible only to persons identified in paragraphs 8 and 9 of this Protective Order and are not disclosed to, shared with, or accessible by any other person or entity (including other customers of the provider);

iii.  the provider maintains commercially reasonable administrative, technical, and physical safeguards—including, at a minimum, encryption of data in transit and at rest, logical segregation of customer data, and access controls limiting provider personnel access to user inputs—designed to protect the confidentiality of user inputs; and

iv.  the provider either (i) does not retain user inputs or outputs beyond the duration of the individual session or query, or (ii) retains such data only within a secure, access-controlled environment and subject to the confidentiality obligations and use restrictions set forth in this Order.

16.    If information or documents designated "Confidential" or "Attorneys' Eyes Only" is disclosed in violation of this Order, the party who learns of such a disclosure shall immediately inform the other party of the disclosure, including the specific document(s) and information disclosed, when the disclosure occurred, and the identity of the person(s) to whom the disclosure was made.  The party responsible for the disclosure shall use best efforts to retrieve all copies of the disclosed document(s), and shall make every effort to prevent any further disclosure in violation of this Order.

17.    Designation by either party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not constitute an admission that information or documents are or are not confidential. Neither party may introduce into evidence in any

proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

18.    Designation under this Order does not constitute an admission that any material is relevant, admissible, or discoverable, nor does it alter any burden of proof or any right to object to discovery.

19.    Upon the request of the producing party or third party, made within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents designated under this Protective Order. Returned materials shall be delivered in sealed envelopes marked to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

20.    This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

21.    Nothing in this Protective Order shall prejudice any party from (a) seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court; or (b) seeking additional orders addressing the production or disclosure of sensitive information, including but not limited to documents or

information deemed classified by any government agency, and personnel information subject to applicable privacy laws.

22.    The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

**[SIGNATURE PAGE ON NEXT PAGE]**

Dated this 7th day of August, 2026.

*/s/* Christopher E. Hart
Christopher E. Hart (*pro hac vice*)
ANDERSON & KREIGER LLP
50 Milk Street
Boston, MA 02109
(617) 621-6571
chart@andersonkreiger.com

Anthony D. Mirenda (*pro hac vice*)
Andrew Loewenstein (*pro hac vice*)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000
adm@foleyhoag.com
aloewenstein@foleyhoag.com

Claret Vargas (*pro hac vice*)
Daniel McLaughlin
CENTER FOR JUSTICE
AND ACCOUNTABILITY
268 Bush St. #3432
San Francisco, CA 94104
(415) 544-0444
cvargas@cja.org
dmclaughlin@cja.org

David Greene (*pro hac vice*)
Sophia Cope (*pro hac vice*)
ELECTRONIC FRONTIER
FOUNDATION
815 Eddy Street
San Francisco, CA 94109
(415) 436-9333
davidg@eff.org
sophia@eff.org

Stephanie J. Grant, OSB No. 154957
TONKON TORP LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.802.5736
503.274.8779
stephanie.grant@tonkon.com

*Attorneys for Plaintiff*

*/s/ Nika Aldrich*
Nika Aldrich, OSB #160306
SCHWABE, WILLIAMSON & WYATT,
P.C.
1420 5th Ave., Suite 3400
Seattle, WA 98101
206-622-1711
206-292-0460
naldrich@schwabe.com

Anthony T. Pierce (*pro hac vice)*
Caroline L. Wolverton (*pro hac vice)*
AKIN GUMP STRAUSS HAUER & FELD
LLP
2001 K Street N.W
Washington, D.C. 20006
(202) 887-4000
(202) 887-4288
cwolverton@akingump.com
apierce@akingump.com

*Attorneys for Defendant DarkMatter Group*

*/s/ Clifford S. Davidson*
Clifford S. Davidson, OSB No. 125378
Priscilla A. Parrett, OSB No. 227185
SNELL & WILMER L.L.P.
601 SW Second Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800
503.624.6888
csdavidson@swlaw.com
pparrett@swlaw.com

*Attorneys for Defendants Marc Baier,
Ryan Adams, and Daniel Gericke*

Page 13 - STIPULATED PROTECTIVE ORDER

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **LOUJAIN HATHLOUL ALHATHLOUL,** | No. 3:21-cv-01787-IM |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| **DARKMATTER GROUP, MARC BAIER, RYAN ADAMS, AND DANIEL GERICKE,** | |
| Defendants. | |

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

DATED: August 10, 2026

/s/ Karin J. Immergut
_____

The Honorable Karin J. Immergut
United States District Judge